IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREGORY S. CODY,<br><br>               Petitioner,<br><br>vs.<br><br>ROB JEFFREYS,<br><br>               Respondent. | **8:24CV45**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner Rob Jeffrey's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Filing No. 1. Petitioner has also filed a Motion for Extension of Time, Filing No. 3, which the Court construes as a motion to toll the statute of limitations contained in 28 U.S.C. § 2244(d). Petitioner has also filed an Amended Petition, Filing No. 4, which the Court construes as a motion to amend petition.

The Amended Petition repeats essentially the same first three grounds for habeas relief as the original Petition. See Filing No. 4 at 20-24. The only material difference appears to be that the Amended Petition add a fourth ground for relief, which asserts the statute of limitations should not apply to the Petition in this case. See Filing No. 4 at 25. Because this is not a cognizable ground for habeas relief, the Court will not grant the motion to amend the Petition.

On June 21, 2019, Petitioner was convicted of First-Degree Sexual Assault. Filing No. 1 at 1. Petitioner alleges his conviction was entered in the District Court of Lancaster County, Nebraska ("state district court"), in Lincoln, Nebraska, in Case No. CR18-7. Filing No. 1 at 1. According to Petitioner's state court records, available to this court online,

Petitioner filed a timely appeal of his conviction and the Nebraska Court of Appeals affirmed the final judgment with a written opinion and mandate on March 26, 2021. Petitioner filed a motion for postconviction relief in the state district court on January 2, 2022, which the state district court denied on February 4, 2023.[1] Petitioner filed his Petition under § 2254 in this case on February 5, 2024.

Petitioner's Motion to Extend will be denied. Because the one-year time limit contained in 28 U.S.C. § 2244(d) is a statute of limitations rather than a jurisdictional bar, equitable tolling may apply, if appropriate. *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir.2001). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time . . . . Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction . . . ." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000), *cert. denied*, 519 U.S. 1083 (2001). "[E]quitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir.2001). Petitioner only alleges that he "recently became aware" that his conviction was obtained unconstitutionally. Such a broad assertion is insufficient to qualify as an extraordinary circumstance.

Moreover, even if Petitioner was ignorant of his rights, ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing. *See, e.g., Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) ("Prisoners are not exempt from the principle that everyone is presumed to know the law and is subject to the law whether or

---

[1] *See* attached Order for *State v. Gregory S. Cody*, CR18-7, District Court of Lancaster County, Nebraska, at https://www.nebraska.gov/justice/case.cgi; *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts).

not he is actually aware of the particular law of which he has run afoul."); *accord, Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) ("ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing"). The Eighth Circuit has also reiterated, with respect to equitable tolling of the deadline for § 2254 petitions, "that '[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" *Cross–Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir.2003) (citation omitted) (pro se prisoner's lack of legal knowledge did not suffice for equitable tolling). Thus, the Court will not grant Petitioner's request to toll the statute of limitations.

Further, even if the Court granted the 90-day extension requested, it appears from the face of the Petition and the state court records that Petitioner's claims may be barred by the statute of limitations anyway because the Petition was filed more than one year after Petitioner's judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). However, in order to ensure a just and fair resolution of this matter and to allow the parties to further develop the factual record relating to the statute of limitations, the Court will enter an order progressing this case to final resolution.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the amended habeas corpus petition, Filing No. 1, the Court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. By **November 7, 2024**, Respondents must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed

to set a pro se case management deadline in this case using the following text: **November 7, 2024**: deadline for Respondents to file state court records in support of answer or motion for summary judgment.

    3.     If Respondents elect to file a motion for summary judgment, the following procedures must be followed by Respondents and Petitioner:

        A.    The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

        B.    The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

        C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

      D.      No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

      E.      No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the Court by filing a notice stating that they will not file a reply brief and that the motion is therefore fully submitted for decision.

      F.      If the motion for summary judgment is denied, Respondents must file an answer, a designation and a brief that complies with terms of this order. *See* the following paragraph. The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.      If Respondents elect to file an answer, the following procedures must be followed by Respondents and Petitioner:

      A.      By **November 7, 2024**, Respondents must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.    No later than 30 days after the relevant state court records are filed, Respondents must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.    Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the Court *except* that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days after Respondents' brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

    E.    No later than 30 days after Petitioner's brief is filed, Respondents must file and serve a reply brief. In the event that Respondents elect not to file a reply brief, they should inform the Court by filing a notice stating that they will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

    F.    The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **December 9, 2024**: check for Respondents' answer and separate brief.

5. No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

6. Petitioner's Motion for Extension of Time, Filing No. 3, which the Court construes as a motion to toll the statute of limitations contained in 28 U.S.C. § 2244(d), is denied.

7. Petitioner's Amended Petition, Filing No. 4, which the Court construes as a motion to amend petition, is denied without prejudice to reassertion.

Dated this 23rd day of September, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge